**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VANISSA HAGGARD,

Defendant - Appellant.

No. 05-3077

(D. Kansas)

(D.C. No. 04-CR-20015-04-GTV)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held

that mandatory application of the United States Sentencing Guidelines to judge-

found facts (other than a prior conviction) violated the Sixth Amendment. The

Court left the Guidelines in place, but made them advisory by striking U.S.C.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

§ 3553(b)(1) (stating that the court "shall" impose a sentence within the Guidelines range), and 28 U.S.C. § 3742(e) (mandating de novo appellate review). *Id*. at 245. The Court further directed that district courts "consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. This court recently held that district courts must accurately calculate the sentence under the Guidelines, just as they did before *Booker*, *see United States v. Kristl*, __ F.3d __, 2006 WL 367848 at *3 (10th Cir. Feb. 17, 2006), and we review the district court's calculation just as we did before *Booker*. *Id*. Although our ultimate review is for reasonableness, "when the district court errs in applying the Guidelines[,] . . . . we must remand—without reaching the question of reasonableness—unless the error is harmless." *Id*.

Vanissa Haggard appeals her sentence, contending that the district court erred in calculating the appropriate drug quantity under the Guidelines by deferring to the presentence report (PSR) on disputed issues. We agree and remand for resentencing.

## I.    BACKGROUND

On March 5, 2004, Ms. Haggard was indicted on one count of knowingly and intentionally distributing a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On July 12, 2004, she entered a plea of guilty without a plea agreement. The government stated that it would seek an

enhancement based on the drug quantity involved. The district court indicated that in light of *Blakely v. Washington*, 542 U.S. 296 (2004), the government would be required to prove drug quantity beyond a reasonable doubt. Ms. Haggard's attorney suggested that she was pleading guilty without a plea agreement so that she could take advantage of *Blakely* because any plea agreement would require waiving rights extended by *Blakely*. The government announced that it could prove that Ms. Haggard had sold approximately 250 grams of cocaine base. Ms. Haggard's counsel rejected this contention, stating that she admitted to selling 2.2 grams of a mixture containing cocaine base but would not admit to any other facts that went beyond the indictment. The district court accepted the guilty plea and directed that a PSR be prepared.

Relying on information obtained from state and local law-enforcement agencies in Kansas, the PSR calculated that Ms. Haggard "had sold approximately 250 grams of crack cocaine over the past year." R. Vol. IV at 8. Based on this drug quantity, the PSR assigned a base offense level of 34. A three-level downward adjustment for acceptance of responsibility led to a total offense level of 31. With a criminal history category of III, Ms. Haggard's guidelines range was 135 to 168 months. Ms. Haggard objected to the drug-quantity calculation, contending that the facts did not support the calculation and that the source on which the amount was based was unreliable.

The Supreme Court handed down its decision in *Booker* before Ms. Haggard was sentenced. At the sentencing hearing, counsel for Ms. Haggard again objected "to attributing to Miss Haggard any drug quantity that is in excess of the amount that she accepted responsibility for on the date of our change of plea hearing which was on 2.2 grams." R. Vol. II at 3. The government responded that it thought the drug-quantity calculations were accurate, to which the district court responded, "Well, I don't know if they are or not. They are estimates . . . Mr. Barber [the probation officer] himself has told me that." *Id*. at 4. The district court then indicated that it found credible the statement in the PSR that Ms. Haggard had possessed 20 cocaine "rocks," of which she had sold 11, whose total weight was 2.2 grams. The court then calculated that the 20 "rocks" would have weighed a total of 4.0 grams. It also found credible the PSR's statement that a confidential source had purchased from Ms. Haggard a single "rock" of cocaine on four to six different occasions. Calculating the weight of six "rocks" as 1.2 grams, the court determined that Ms. Haggard was responsible for 5.2 grams of cocaine. Based on these findings, it calculated a base offense level of 26. After granting a three-level downward adjustment for acceptance of responsibility and agreeing with the PSR on a criminal history of III, the district court arrived at a Guideline range of 57-71 months.

While recognizing that the district court's findings were "substantially more favorable" than the PSR, R. Vol. II at 8, counsel for Ms. Haggard again objected, contending that the district court did not have before it the evidence necessary to make its finding on drug quantity. The district court interjected, referring to its increased discretion after *Booker*, that "I don't have to have any evidence, you know. I could sentence this defendant anywhere within the statutory range." *Id.* Ms. Haggard's counsel persisted:

> The estimate in the presentence report that is found at paragraph 31, I just want to offer for the Court's consideration that if the Court were to take the lower end of that estimate, just because it was a cooperator who is by her own admission offering estimates and guesses, that if the court were to take four instead of the six, that the impact of that would be to put Miss Haggard in an offense level of 24 rather than 26, and we would just respectfully ask the Court to consider doing that.

*Id.* at 9. The district court rejected counsel's request: "I took the six sales because I think that's a reasonable estimate, and in addition to that being reasonable I believe that I've given this defendant the benefit of considerable doubts with respect to other sales and other quantities of crack cocaine that were involved here . . . ." *Id.* at 9-10. The court then imposed a sentence of 60 months, noting that it had "given weight to the sentencing range determined by the sentencing guidelines" and found the sentence to be reasonable. *Id.* at 13.

## II.    DISCUSSION

We follow a two-step approach to the reasonableness standard of review announced in *Booker*:

> First, we must determine whether the district court considered the applicable Guidelines range, reviewing its legal conclusions de novo and its factual findings for clear error. A non-harmless error in this calculation entitles the defendant to a remand for resentencing. If, however, the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a).

*Kristl*, __ F.3d __, 2006 WL 367848 at *4. Although the sentence in this case may be reasonable, remand is required for the district court to consider the Guidelines properly. Disputed factual findings at sentencing must be resolved in accordance with Fed. R. Crim. P. 32(i)(3)(B) (formerly Fed. R. Crim. P. 32(c)(1)), which requires the sentencing court to rule on any disputed portions of the PSR that will affect the sentence. "[T]his Circuit has repeatedly held that a District Court may not satisfy its obligation under Rule 32[(i)(3)(B)] by simply adopting the presentence report as its finding." *United States v. Guzman*, 318 F.3d 1191, 1198 (10th Cir. 2003).

The district court here relied on the PSR to calculate drug quantity without appropriately resolving disputes concerning that quantity. The government does not contend otherwise. Indeed, the district court indicated that it was not concerned about making an accurate drug-quantity calculation because it had

discretion to sentence anywhere within the statutory range. The district court's mistake was understandable coming, as it did, so soon after *Booker*. But given our recent holding that "[a] sentence cannot . . . be considered reasonable if the manner in which it was determined was unreasonable, i.e., if it was based on an improper determination of the applicable Guidelines range," *Kristl*, __ F.3d __, 2006 WL 367848 at *4, the district court erred by not properly resolving the dispute. The error was not harmless. This is not to say that the district court must impose a sentence within the correct Guidelines range. Once it has properly resolved the factual disputes at issue it may determine, based upon other factors listed in § 3553(a), that a sentence outside the Guidelines range is appropriate for Ms. Haggard. Such a sentence would not be entitled to a presumption of reasonableness, but that does not necessarily mean it would be unreasonable.

III.  **CONCLUSION**

We REMAND for resentencing.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge